WATKINS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 145. Submitted June 7, 1973.—Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 449.)

For the plaintiff in error the cause was submitted on the brief of *Bruce Gillman* and *Arthur, Tomlinson & Gillman*, all of Madison.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

PER CURIAM. The court concludes after a review of the record that the motion to suppress was properly denied since the storage room in the basement of the defendant's apartment building where the police, without a warrant, made their initial observation of the incriminating evidence, was not within the defendant's constitutionally protected sphere of contemplated personal privacy. *See Ball v. State* (1973), 57 Wis. 2d 653, 205 N. W. 2d 353, and cases cited therein. The storage area was easily accessible to the public and passersby and apparently had in the past been used by persons other than tenants in the apartment building. The door to the storage room always stood open and only a few of the individual lockers within the room had their doors closed or padlocks on them. The incriminating evidence was observed on a chair beneath the utility meters and in a locker standing open nearby. This room was not for the exclusive use of the defendant and not even for the exclusive use of the tenants of the building. *See Commonwealth v. Connolly* (1970); 356 Mass. 617, 255 N. E. 2d 191. The defendant could harbor no expectation of privacy in this area and there-

fore the initial entry into the storage room by the police checking information they had received from an unnamed informant was proper and entirely reasonable.

Moreover, since all the evidence was later seized pursuant to a validly issued search warrant, the motion to suppress was properly denied.

The court also concludes defendant's claims that prejudicial error occurred during the trial, are without merit. The defendant, after being repeatedly warned and after acknowledging full awareness of the risks involved, was permitted to discharge his court-appointed attorney midway through the trial and proceed at his own request, representing himself. The trial court and the prosecution advised against that course of conduct but to no avail. The defendant, who had 22 prior convictions, wanted to represent himself. He was permitted to do so but the trial court imposed the safeguard of requiring the defense attorney, although discharged from active representation, to remain at the counsel table in an advisory capacity. This defendant cannot now be heard to complain of a trial procedure he personally requested and was permitted to follow.

Similarly, the court concludes that the incident during the trial when a juror requested that the revolver, which was in evidence, be removed from the reach of the defendant, did not prejudice the defendant. This was merely a reasonable and prudent precautionary request by an observant member of the jury.

The defendant's final argument, which was not raised at the trial court level, is that he was entitled to have counsel present at the time his photographs were shown to the victims of the crime. This same argument was rejected by this court in *Kain v. State* (1970), 48 Wis. 2d 212, 218, 219, 179 N. W. 2d 777.

The judgment and order are affirmed.